**Varinder SINGH, Petitioner,**

v.

**Alberto R. GONZALES,\* Attorney General, Respondent.**

No. 04–72999.

United States Court of Appeals, Ninth Circuit.

Submitted Aug. 1, 2005.\*\*

Decided Aug. 5, 2005.

Mohinder Singh, Esq., Walnut Creek, CA, for Petitioner.

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, David Dauenheimer, Richard M. Evans, Esq., Washington, DC, for Respondent.

Before O'SCANNLAIN, CALLAHAN, and BEA, Circuit Judges.

---

\* Alberto Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

\*\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM \*\*\*

Petitioner Varinder Singh, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") dismissal of his application for asylum, withholding of removal, and relief under the Convention Against Torture. We have jurisdiction under 8 U.S.C. § 1252 and deny the petition.

We limit our review to those grounds relied on by the BIA. *Navas v. INS*, 217 F.3d 646, 658 n. 16 (9th Cir.2000). The BIA assumed that Singh had established past persecution, but concluded that changed country conditions rebutted the presumption that Singh had a well-founded fear of future persecution. *See Tawadrus v. Ashcroft*, 364 F.3d 1099, 1103 (9th Cir. 2004). Substantial evidence supports this determination. *Gonzalez–Hernandez v. Ashcroft*, 336 F.3d 995, 998 (9th Cir.2003). The BIA conducted an individualized analysis of the changed country conditions, evaluating Singh's specific claim in light of State Department reports and other submitted evidence. *See Garrovillas v. INS*, 156 F.3d 1010, 1017 (9th Cir.1998). The evidence in the record does not "*compel* [ ] reversal of the BIA's determination of ineligibility." *Marcu v. INS*, 147 F.3d 1078, 1081 (9th Cir.1998).

**PETITION FOR REVIEW DENIED.**

---

\*\*\* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.